Timothy G. Martin
Plaintiff appearing Pro *se*
P.O. Box 226
Lakeville CT 06039
Cell 860-392-8565
collegedegreeexpress@yahoo.com



3:20cv81 KAD

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**TIMOTHY G. MARTIN**
   *Plaintiff*
      v.
**United Bridge Capital, LP**
**United Bridge Capital Funding 3, LLC**
**CFAI Special Assets, LLC**
**Churchill Real Estate Holdings LLC**
**Justin Ehrlich**
**Sarper C Beyazyurek**
**S. Travis Masters**
**Sorabh Maheshwari**
**Todd Billings**
*Defendants*

Jan. 16, 2020

**Case No. :**

Verified Complaint

Jury Trial Demanded

## COMPLAINT FOR VIOLATION OF 12 U.S. CODE§ 85 : USURY AND MASSACHUSETTS GENERAL LAW,CHAPTER 271 SECTION 49, MASSACHUSETTS GENERAL LAW-93A, USURY, UNFAIR AND DECEPTIVE TRADE PRACTICES, CONSPIRACY AND FRAUDULENT TRANSFER.

### INTRODUCTION

Comes now the plaintiff Timothy G. Martin of Connecticut appearing pro *se* and makes the following complaint In the District of Connecticut under diversity.

### JURISDICTION

1) Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1332, 1337

### PARTIES

1) Plaintiff Timothy Martin is a natural person and legal resident of the State of Connecticut
2) Defendant United Bridge Capital, LP is a limited partnership, organized under the laws of the State of Florida.

3) Defendant United Bridge Capital Funding 3, LLC is a Limited Liability Corporation, organized under the laws of the State of Florida.
4) Defendant CFAI Special Assets, LLC is as a Limited Liability Corporation, believed to be organized under the laws of the state of New York
5) Defendant Sarper C Beyazyurek is a natural person residing in the State of North Carolina
6) Defendant S. Travis Masters is a natural person residing in the State of North Carolina
7) Defendant Sorabh Maheshwari is a natural person residing in the State of New York
8) Defendant Todd Billings is a natural person residing in the State of Florida
9) Defendant Justin Ehrlich is a natural person residing in the State of New York

FACTS COMMON TO ALL COUNTS

FACTS

1) Plaintiff is a reasonable man. He is an honorably discharged veteran of two services. He has been married for over 33 years and the father of 4.
2) On or about 1/22/2018 the Plaintiff borrowed $477,000 from the defendant United Bridge Capital, LP which included one year of prepaid interest at a rate of 10.9%
3) The loan was secured by a mortgage on a residence located at 38A Glendale Rd, Glendale Massachusetts.
4) The residence is owned by College Degree Express LLC, which was formed in the state of Connecticut.
5) The residence is the sole asset of College Degree Express LLC
6) The Plaintiff is the sole member of College Degree Express LLC and the owner of any and all the equity interest in the LLC and therefore the residence.
7) There is a planned foreclosure auction of the Glendale residence scheduled for 1/21/2010
8) Defendant United Bridge Capital, LP transferred to ownership of the note and mortgage on 02/06/2018 to United Bridge Capital Funding 3, LLC, shortly after the loan closed but did not file the assignment to months later.

9) Approximately two months after the loan closed the Plaintiff was contacted by the loan servicing company, FCI, who claimed the loan was in default for nonpayment.

10) The plaintiff contacted the United Bridge Capital, LP, who undenounced to the Plaintiff no longer owned the loan but was apparently in control of the loan and instructed the Plaintiff to ignore the loan servicing company because the loan was in fact prepaid for 1 year.

11) On or about Sept. 29, 2018 the Plaintiff was contacted by a person the Plaintiff believes to be Defendant Todd Billings for Defendant United Bridge Capital Funding 3, LLC who informed the Plaintiff that the loan was now in default; stating there was not enough money to prepay the loan for the 12 months as agreed originally.

COUNT 1:   USURY

Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 11 above with the same force and effect as if herein set forth

12) A person believed to be Defendant Todd Billings told the Plaintiff that the loan was in default and the default rate of the loan was in excess of 45% interest giving the Plaintiff an outrageous and unlawful payoff amount for the loan.

13) The loan was clearly in violation of the USURY laws of the Unites States of America and the State of Massachusetts; where the loan was made and was secured.

14) The violations are both Civil and Criminal under the federal law and Massachusetts usury statute.

15) The Massachusetts statute has a maximum legal interest rate of 20% for loans of this type but allows for exemptions to that rate in the entity charging the interest is registered with the State Attorney General to do so, which Defendant United Bridge Capital Funding 3 LLC was not, making their actions clearly usury, any attempt to enforce a usurious debt is also a criminal felony.

COUNT 2 CONSPIRACY AND FRAUDLENT TRANSFER

16) Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 15 above with the same force and effect as if herein set forth.

17) Although the Defendant United Bridge Capital Funding 3 LLC was not registered as required to charge the usurious rate of interest Defendant United Bridge Capital LP who had previously owned the note and mortgage was ; so in an effort to veil and conceal their unlawful and felonious acts Defendant United Bridge Capital Funding 3 LLC transferred the note and mortgage back to Defendant United Bridge Capital LP.

18) Plaintiff alleges that was a fraudulent transfer in that the sole purpose of the transfer was to evade the usury charges.

19) After a long settlement discussion with the lawyers and principals of both Defendants United Bridge Capital Funding 3 LLC, United Bridge Capital LP and the Plaintiff where we had reached a settlement in the matter the Plaintiff was waiting on written confirmation of the settlement agreement for months but it never came.

20) On 8/1/2019 the Plaintiff was contacted by Defendant Sarper C Beyazyurek of Defendant Churchill Real Estate Holdings LLC who claimed his company was the new owner of the note and mortgage and they were going to proceed with a foreclosure of the mortgage.

21) The Plaintiff explained to the Defendant Sarper C Beyazyurek that the mortgage and note they bought were usurious and were not enforceable under the law to which he laughed.

22) Although on record the note and mortgage were never transferred to Churchill Real Estate Holdings LLC but the current owner Defendant CFAI Special Assets, LLC which the Plaintiff has knowledge and belief is owned and controlled by Churchill Real Estate Holdings LLC .

23) The Plaintiff has knowledge and belief that the transfer of the note and mortgage to CFAI Special Assets, LLC was an "arm's length" transaction and a fraudulent transfer for the sole purpose of concealing the unlawful and usurious actions of the previous owners and Defendants.

24) The Plaintiff has knowledge and believes all of the named defendants conspired to enforce the usurious note and mortgage, conceal the usurious acts and fraudulently transfer the note and mortgage for this purpose.

25) All the Defendants **(a)** had an object to be accomplished; **(b)** had an agreement on the object or course of action; **(c)** performed one or more unlawful overt acts; and **(d)** caused Plaintiff damages that were a direct result of those acts. In furtherance of their object, to veil the unlawful and usurious actions of the previous owners of the note and mortgage.

26) Defendants S. Travis Master, Sorabh Maheshwari, Justin Ehrlich, Todd Billings and Sarper C Beyazyurek  are also  liable under the doctrine of respondent superior as controlling officers of the Defendant corporations..

27) Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against all Defendants, voiding of the note and mortgage both principal and interest, injunctive relief -immediately stopping any and all collections actions relative to the note and mortgage, particularly a pending foreclosure auction scheduled for Jan. 21, 2020, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair, and appropriate.

Because the Plaintiff Timothy Martin brings this case pro se, the Court must construe his filings "liberally" and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); see also Ruotolo v.I.R.S., 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel).

Respectfully submitted,

Timothy Martin Pro Se

**PLAINTIFF'S VERIFICATION**

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

January 16, 2020

_____
Timothy Martin