**MANDATE**

21-1790-cv
*Martin v. United Bridge Cap., LP, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand twenty-two.

PRESENT:
    DENNY CHIN,
    JOSEPH F. BIANCO,
    WILLIAM J. NARDINI,
        *Circuit Judges*.

_____

Timothy G. Martin,

    *Plaintiff-Appellant*,

v.                                                      21-1790-cv

United Bridge Capital, LP, United Bridge Capital Funding 3, LLC, CFAI Special Assets, LLC, Churchill Real Estate Holdings LLC, Justin Ehrlich, Sarper C. Beyazyurek, S. Travis Masters, Sorabh Maheshwari, Todd Billings,

    *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:              TIMOTHY G. MARTIN, *pro se*, Lakeville, CT.

FOR DEFENDANTS-APPELLEES:       ANJALI S. DALAL, Wiggin and Dana

MANDATE ISSUED ON 07/14/2022

LLP, New York, NY (James I. Glasser, Wiggin and Dana LLP, New Haven, CT, *on the brief*).

Appeal from the orders and judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the district court are **AFFIRMED**.

Timothy G. Martin, *pro se*, appeals from a district court decision dismissing his complaint for lack of subject-matter jurisdiction. His complaint alleged that multiple defendants[1] conspired to charge a usurious interest rate on a loan secured by a mortgage on a Massachusetts residence owned by College Degree Express LLC ("College Degree"), leading to default and foreclosure proceedings. After defendants moved to dismiss, the district court issued an order to show cause why the complaint should not be dismissed for lack of subject-matter jurisdiction, given that it was unclear whether Martin or College Degree had received the loan and, thus, whether Martin had alleged an injury-in-fact sufficient for standing. College Degree was not a party to the lawsuit, but Martin was its sole member. Following the parties' responses, the district court determined that College Degree had been issued the loan and Martin did not have standing. The district court then issued an order staying the case for thirty days to provide an opportunity for Martin to secure counsel and substitute College Degree as the named plaintiff and, in the absence of such action, provided that the case would be dismissed without prejudice. When Martin did not respond

---

[1] The defendants were: United Bridge Capital, LP; United Bridge Capital Funding 3, LLC; CFAI Special Assets, LLC; Churchill Real Estate Holdings LLC; Sarper Beyazyurek; S. Travis Masters; Sorabh Maheshwari; Todd Billings; and Justin Ehrlich.

within the allotted time frame, the district court dismissed the case for lack of subject-matter jurisdiction. Martin appeals the dismissal and also challenges a prior district court order denying his motion to recuse the district court judge based on alleged judicial bias. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I.  **Standard of Review**

On appeal from a district court's dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3), "we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012); *see also Atl. Specialty Ins. Co. v. Coastal Env't Grp. Inc.*, 945 F.3d 53, 63 (2d Cir. 2019) (finding clear error only where we have a "definite and firm conviction that a mistake has been committed" (internal quotation marks omitted)). We review a *pro se* complaint with "special solicitude," interpreting it "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations adopted and quotation marks omitted). We review a district court's denial of a motion to recuse for abuse of discretion. *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007) (per curiam). A district court abuses its discretion if its decision "rests on an error of law or a clearly erroneous factual finding, or its decision cannot be located within the range of permissible decisions." *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020) (internal quotation marks omitted).

II. **Standing**

The party invoking federal jurisdiction "has the burden of proving by a preponderance of

the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). As part of this burden, plaintiffs must establish that they have standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84 (2d Cir. 2014). When assessing subject-matter jurisdiction, courts "may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113 (discussing the resolution of a Rule 12(b)(1) motion to dismiss); *see Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 64 (2d Cir. 2009) (reviewing additional submissions, including affidavits, while analyzing subject-matter jurisdiction under Rule 12(h)(3)). To establish Article III standing, a plaintiff must show (1) that he suffered an injury-in-fact, (2) that is causally connected to the challenged conduct, and (3) that is likely to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). A plaintiff's injury-in-fact must be "concrete and particularized," as well as "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted).

The district court did not err in dismissing Martin's complaint for lack of subject-matter jurisdiction. Rule 12(h)(3) requires a district court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Here, the district court first determined that College Degree—not Martin—had been granted the loan on which Martin's claims were based. Therefore, Martin lacked standing to pursue claims that should have been brought by College Degree. This determination was not clear error. As the district court noted, the complaint "obscure[d] the distinction" between Martin and College Degree regarding the loan and mortgage. Supp. App'x at 82. The defendants' motion to dismiss stated that the loan and subsequent default solely involved College Degree, and they submitted uncontroverted affidavits

4

with their motion stating that they had never engaged in "personal business" with Martin. *See, e.g.*, Dist. Ct. ECF No. 25-2 at 2. Moreover, in Martin's response to the order to show cause, he repeatedly stated that he brought claims "on behalf of [his] LLC." Dist. Ct. ECF No. 39 at 2. Although *pro se* litigants must be shown "special solicitude," *Hill*, 657 F.3d at 122, the record does not establish error in the district court's finding that College Degree was the entity that suffered the alleged injury.

Accordingly, the district court correctly determined that Martin failed to establish standing. Standing "must affirmatively appear in the record." *Spencer v. Kemna*, 523 U.S. 1, 10–11 (1998) (internal quotation marks omitted). Without specific factual allegations or submissions to support the claim that he received and defaulted on the allegedly usurious loan, Martin failed to prove by a preponderance of the evidence that *he* had suffered an injury-in-fact sufficient for Article III standing. Because generally "a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties," *Hollingsworth v. Perry*, 570 U.S. 693, 708 (2013) (internal quotation marks omitted), Martin did not and cannot establish an injury-in-fact on behalf of College Degree, which was not a party.

As he did before the district court, Martin argues on appeal that Connecticut law allows members of an LLC to bring an action in state court to remedy a harm to the LLC, and, therefore, he has standing to sue for an injury on behalf of College Degree in federal court because he is the sole member of the LLC. As the district court noted, however, "standing in federal court is a question of federal law, not state law." Supp. App'x at 78 (quoting *Hollingsworth*, 570 U.S. at 715). Indeed, "state law can neither enlarge nor diminish" federal standing requirements. *Fund Liquidation Holdings LLC v. Bank of Am. Corp.*, 991 F.3d 370, 385 (2d Cir. 2021). As such,

5

Martin cannot impute Connecticut standing requirements in this case when federal law regarding standing provides that he himself—as opposed to College Degree—must have suffered a concrete injury. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (noting that the "irreducible constitutional minimum of standing" requires that the *plaintiff* have suffered an injury in fact (internal quotation marks omitted)); *Fleming v. ISCO Indus., Inc.*, No. 3:17-cv-648 (VAB), 2018 WL 1141358, at *4 (D. Conn. Mar. 2, 2018) ("[A] limited liability company provides certain protections against individual liability, but without individual liability, an individual, even the sole member of the LLC, lacks standing to bring a claim as the LLC."), *aff'd*, 750 F. App'x 62, 63 (2d Cir. 2019) (summary order) ("We agree with the District Court that [the *pro se* sole-member plaintiff] lacks standing to pursue this action . . . . [T]o the extent [he] asserts claims on his own behalf, the complaint does not sufficiently allege that he—as opposed to [the LLC]—suffered a concrete injury.").

State law *may* "supply the answers to certain antecedent questions relevant to whether those federal requirements are satisfied," particularly concerning "the legal relationships between people and things." *Fund Liquidation Holdings LLC*, 991 F.3d at 385. However, Connecticut law offers Martin no support as to such legal relationships. Indeed, Connecticut courts have identified that an LLC is a "distinct legal entity whose existence is separate from its members." *Channing Real Est., LLC v. Gates*, 326 Conn. 123, 137 (2017) (internal quotation marks omitted); *see also* Conn. Gen. Stat. § 34-243h(a) (2018) ("A limited liability company has the capacity to sue and be sued in its own name and the power to do all things necessary or convenient to carry on its activities and affairs."). Under Connecticut law, "[a] debt, obligation or other liability of a limited liability company is solely the debt, obligation or other liability of the company" and "[a] member or

6

manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation or other liability of the company solely by reason of being or acting as a member or manager." Conn. Gen. Stat. § 34-251a(a) (2020). Because Connecticut law identifies that an LLC's members are legally distinct from the LLC and its debts, any injury suffered by College Degree cannot be imputed to Martin for the purpose of establishing his standing in federal court.

Martin also claims for the first time on appeal that he has standing because of his (1) role as guarantor, (2) shareholder stake in College Degree, and (3) antitrust claims. However, because he did not raise these arguments before the district court, they are waived. *In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (per curiam) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks omitted)).

Accordingly, the district court correctly held that Martin lacked standing to sue in this case.[2]

### III. Recusal Claim

Finally, the district court did not abuse its discretion by denying Martin's motion for recusal. Martin's motion alleged judicial bias on the sole basis that the same district judge had denied the majority of motions he made in a separate case before her. Since Martin offered no reason here for recusal outside of the court's adverse rulings, the district court properly denied the motion. This Court has held that "[g]enerally, claims of judicial bias must be based on

---

[2] The district court also properly determined that Martin cannot appear *pro se* on behalf of College Degree, despite being its sole member. *See Lattanzio v. COMTA*, 481 F.3d 137, 138 (2d Cir. 2007) ("[B]ecause [the *pro se* plaintiff] is not an attorney, he cannot represent [an LLC], notwithstanding that he is [the LLC's] sole member.").

7

extrajudicial matters, and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (per curiam). The record does not contain any allegation of extrajudicial bias, nor do the district court's adverse rulings in a separate case provide a basis for recusal. Therefore, the district court's denial was "within the range of permissible decisions." *Scott*, 954 F.3d at 512 (internal quotation marks omitted).

*    *    *

We have considered all of Martin's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit